SHAW, Judge,
dissenting.
I respectfully dissent. The majority opinion, in this instance, confuses notice and what I perceive as a due process problem. A claim for benefits was filed on January 27, 1975 for an accident that allegedly occurred on March 21, 1974. The employer’s first report of injury lists the date of accident as 3/21/74. Both the request for pretrial conference and the notice of hearing set forth 3/21/74 as the date of accident. It was the testimony of Mrs. Collier that the day after her accident she was taken to Bethesda Hospital for emergency treatment and given an appointment to see Dr. Jones the next day. The hospital records indicate that she was seen on May 23, 1974 and are in accord with Dr. Jones’ records which reflect that she was seen by him on May 24th. The carrier’s attorney, at the final hearing, interposed the following objection:
MR. HAMILTON: Judge, I am going to interpose an objection right now. She *272 said May 24. We are here today about an accident 3-21 — 74. That is on the notice of claim. That is the alleged accident date. There is no reported accident, to my knowledge, in the file of May 21, 1974. From this lady’s testimony she went to the emergency room at Bethesda Hospital the day following the incident and then the next day or day following, she went to Doctor Jones. She tells us it was the 24th of May. I can only conclude there is an attempted amendment of the day of accident to May 21, 1974 and we are not here on an accident of May 21, 1974.
THE JUDGE: Here’s the original claim letter filed by Charles Daniels.
Q (By Mr. Roemer) Who is Janet Kennedy?
A I think she was the manager or cashier, at that time. She moved from a different position from cashier to managing. I don’t recall if Janet Kennedy was the one that sent me.
MR. ROEMER; The records are to the dates that Claimant testified to. I think the date of accident which was filed upon is correct according to what information I have available to me. We would have to go by that particular date or dates.
Q (By Mr. Roemer) Did you say you had two accidents?
MR. HAMILTON: March 21, 1974 is the accident for which the claim was filed.
MR. ROEMER: You said 2—
MR. HAMILTON: That was a substitution of counsel. There were two dates foreign to me.
THE JUDGE: They apparently were in error.
MR. ROEMER: Well, the information contained in the claim letter, 3-21-74, is the one that was filed and that was the one reported and apparently is the correct date.
MR. HAMILTON: I will go into it on cross examination.
THE JUDGE: The claim letter will be received and marked as Judge’s Exhibit No. “L”
It is clear that the claimant chose not to amend her claim, but persisted in her assertion that the date of accident filed upon was correct. The employer/carrier justifiably focused on this date and tailored their defense accordingly. There was no showing that the carrier knew, or should have known, prior to final hearing that it was being called upon to defend against a May, 1974 accident. The employer’s first report of injury dated July 22, 1974 (approximately two months after the May hospitalization) lists the date of accident as-March 21, 1974 and is consistent with the carrier’s statement that their defense was geared to that date. The claimant failed to prove that a compensable accident occurred on March 21,1974. No claim has been filed for a May accident and the carrier’s objection to being forced to defend against such an accident was timely and well-taken. The deputy commissioner, under these circumstances, correctly denied benefits and the order should be affirmed. I would caution, however, that a misstated date of accident will not in every instance result in a denial of benefits. Another set of facts could dictate a different conclusion but, based on the evidence in this case, the order should be affirmed.